Okay. We don't have an ongoing appeal. The other factor in TransUnion that distinguishes it from this case is that there was an ongoing appeal by parties with standing. Class counsel had filed an appeal in that case. So there wasn't a total want of jurisdiction. Here we have a total want of appellate jurisdiction because your client has no standing to appeal. If you were challenging the district court's ruling that she's not a class member, that would be a different matter. But you're not challenging that ruling. So she comes to this appeal as a complete stranger to litigation. Respectfully, Your Honor, I would not agree with that point because I think that when she applied for a fee, then she has the standing to appeal that decision. She's a class member. She's not a class member. I'm not aware. The rule says that. Rule 23. The rule says that only class members can make an objection. Rule 23 is limited. However, I do not believe that there's any law, and none was cited by either class counsel or Western Union saying that that would apply in the context of the Common Fund Doctrine. The Common Fund Doctrine allows anyone who confers a benefit to receive compensation. I think of it similarly to the first-year law school example. Someone shows up mistakenly believing that he should mow your yard when, in fact, it's the neighbor. He has no contract with you. He may have never met you. He may be a complete stranger. But if you explicitly or implicitly motion him in, accept the full benefits of his or her services, equitably that person is entitled to be paid. There's no contractors, no prior existing relationship at all. It is just simply, equitably, someone who confers a benefit. That's a substantive contract doctrine that you're referring to here. You haven't brought a substantive quasi-contractual claim. You're making a procedural claim under Rule 23 that is nonexistent as far as I can see. I don't think that the claim that we were making was limited to Rule 23. And when we were asked for authority from the district court for why we thought we should be able to make this claim, we specifically referred the court to the Common Fund Doctrine. What about Bethune Plaza? I think that Bethune Plaza case would not be applicable here because that one was not a Common Fund Doctrine case. That was a fee-shifting provision which allows a prevailing party to obtain an attorney's fee award under 42 U.S.C. 1988. We are not claiming that Ms. Price is a party, and if we were looking for a fee-shifting award whereby we would be looking for money from the defendant Western Union, I think that we might be in a substantive and procedural position that would be different than what we're taking here. But I do not see where the Bethune Plaza case would be applicable at all. That was not a class action. There was no Common Fund. And there was not even any suggestion that the intervener, the trade association in the Bethune Plaza case, rendered any benefit to what actually occurred in the litigation. I think in Bethune Plaza, the court even went so far as to say that the intervener was acting contrary to the named plaintiff because he was trying to establish some type of precedential benefit for the case. I think I've only got about 10 more seconds. I'll be answered to answer or have to answer anything else the court may have. Your time has expired. Thank you. Good morning, Your Honors, and may it please the court. Joe Sippert on behalf of plaintiff in the settlement class. I think it's fair to say that Ms. Price and her counsel certainly have their work cut out for themselves here before this court. It's a situation where Price, the objector, is not a class member, was repeatedly found by the district court to not be a class member. So it's not a situation where there's unfair or some sort of unjust surprise at the last minute after months or years of good faith advocacy. The entire time that this was pending before the district court, this settlement, it was repeatedly made a showing on the record that she wasn't even close to being a class member, and the district court so held. Therefore, no standing. That seems about as clear as anything ever could be, I think, just given the state of the law in this circuit and, frankly, every other circuit. The court, moreover, held that even if she were a class member, indulging that fiction, of course, or otherwise were deemed to somehow have standing, the reality, so held the district court, is that Ms. Price and her counsel added exactly zero value, zero, to use the district court's words. That is a classic abuse of discretion finding and a classic abuse of discretion standard here on appeal. It's simply inconceivable that there's a path to disturb that. I mean, this court has held time and again that, as it pertains to fees, the district court is in the best position to decide who added what value and who deserves what. The court made a very detailed finding on those issues, in fact, did it on multiple occasions, and said there was zero value added. And so even if it were theoretically possible to award fees, there's no basis to do so here. It is, I dare say, hard to imagine what the path to disturbing that could be without doing complete violence to the law of this circuit. That, again, I think puts the objector in a tough spot here this morning. The reality I'd like to also point out is that if Price and her counsel, despite not being a class member in this settlement, were somehow allowed to recover fees under these circumstances, we know what would happen. We know very well what would happen. Anyone can then object to any settlement, anywhere, for any reason whatsoever, even if they are not a class member, and make some sort of argument, whether it even has merit or not, doesn't particularly matter, I suppose, they just assert something, and then they can say that, well, they've somehow added value. And when the district court denies those arguments, as they surely will, they will then have standing to appeal and hijack the settlement for another two or three years, which, by the way, is exactly what happened here. We don't want that. That is not good, and that is directly contrary to the direction that Rule 23 has gone just in the last year, where amendments were made to Rule 23, particularly with an eye toward objectors and trying to come up with measures that would, while at the same time allowing good-faith class members withstanding to assert their right to make an objection, to at the same time not have that completely derail the process of class action settlements because of the process being exploited by people who have other interests in mind. So it's clear on the law what the outcome should be here, and it's also clear what any other outcome would result in, and that is complete disarray of the class action process as we know it. There's just simply no basis or reason to do that. The Court has multiple paths to denying the request for fees here, and any one of them would be enough, and I think I've already exceeded my time.  Thank you, Counsel. Good morning, Your Honors, and may it please the Court. Kathleen Lally for the Western Union Company. I think the Court has already put its finger on the precise issue that's before it here today. Price and her attorney are not entitled to an incentive award or attorney's fees for a very simple reason. She's not a member of the class, and she lacks standing to make her objection,  on the basis of that objection. She consented to receive text messages from Western Union. She's not a member of this settlement class or any settlement class. We provided evidence of that consent fairly early on in the objection process. That's not been disputed before the District Court. It's not being disputed before this Court. Frankly, it's not reasonably disputable. The fact is she has no real claim under the TCPA. She's not a member of the settlement class, and the District Court's holding on jurisdiction should be affirmed. I don't know that there's a need to repeat what Mr. Sippert also said about the abusive discussion that the District Court also addressed as sort of an alternative holding, but suffice to say, I think we can echo that as well. I don't think that the District Court, who observed these parties for several years and knew all the issues and worked with the parties for many years, really abused its discretion in holding. There was nothing new that Price brought to the table when she made her objections, and I believe we detailed them all fairly well in our brief. I'm happy to take questions, but I do think the Court has fairly well identified the issue, and I don't know that I need to waste any time. I don't believe there are any. Thank you, Counsel. Thank you. Thanks to all counsel, and the case is taken under advisement.